The second case is People v. Catron for the appellant, Mr. Andrews, and for the applicant, Ms. Brooks. You may proceed. Please support, counsel. I intend to be brief. Mr. Catron is seeking a new trial for reasons as planning on discussing Issue 1 and clarifying a point in Issue 3, and I'd certainly answer any questions on the other issues that there might be. For the first issue, the point is that Mr. Catron is entitled to a new trial where he never received notice from the circuit clerk that his trial would proceed in his absence. The statute says that a trial court may set a case for trial despite the failure of the defendant to appear. When such trial date is set, the clerk shall send to the defendant by certified mail at his last known address, indicated on his bond slip, notice of the new date which has been set for trial. Such notification shall be required when the defendant was not personally present in open court at the time the case was set for trial. I don't believe there's any dispute here that Mr. Catron was not present in court at the time the trial date was set. In fact, the trial court struck two trial dates because the State had failed to comply with the statute. The first, the State failed to send notice by certified mail, so the trial court struck the trial date. The second trial date, the State had addressed the letter to Mr. Catron's brother, not to Mr. Catron, and the court struck it. The third time, however, when trial counsel pointed out that the circuit clerk had not sent the notice, that the State's attorney of Vermilion County had sent the notice, the trial court declined to strike the trial date. Wasn't that standard practice? Yes, that apparently was the standard practice in Vermilion County. You know, certainly that cannot trump the statutory requirement. It's standard practice in any number of counties that seems to have circuit clerks impose fines, but obviously that's not permissible. So I think we have to go by the statute, and common practice can't usurp a statute passed by the State legislature. Even if the State's attorney represents the circuit clerk? Yes, because the defendant is presumed to know the law. So the defendant should be looking for a notice from the circuit clerk's office, not a notice from the State's attorney's office. As I pointed out, there is an envelope for one of these notices, and the return address states plainly that it's from the Vermilion County State's attorney's office. Mr. Catron is entitled to take any envelope from the State's attorney's office and pitch it. He's got to be alert for something from the circuit clerk's office. That's a unique piece of advice. I wouldn't say I'd advise him, but under this statute he's entitled to. He's not required to expect notice for his trial to come from the State's attorney's office. The trial court pointed out that Mr. Catron had appeared twice in court before he disappeared. That plainly doesn't matter because he had not appeared at the time any of the trial dates were set. So his appearance at other times just doesn't matter. Returning to the point about whether or not the State's attorney is the clerk's legal advisor, the statute is plain. It says that the clerk shall send it. The State has not established in any way that the clerk has the legal authority to delegate this, nor is there really any evidence that the clerk ever did delegate it. It's just kind of like something that happened. But the Illinois Supreme Court has held that the certified mail requirement must be strictly complied with. In the same sentence it says that the clerk must send the notice. I don't see any reason why the certified mail requirement must be strictly complied with, but we can ignore the requirement that the clerk send it. So I don't think that the clerk requirement is different and it cannot be delegated. I've already hit the point that defendants are expected to know the law, and because of that, because you hold a defendant to knowing the law, the county ought to be held to complying with the law. The statute is written very precisely. It's not a particularly complicated procedure. The courts have held that it has a dual purpose. One, a very important one, is to protect the defendant's right to confront witnesses, but the courts have also pointed out that it relieves the State of the burden of proving that Mr. Catron was willfully absent, which of course would be difficult because they'd have to prove a negative. So this statute serves as a benefit to the State. As long as they comply with the mailing requirement, they don't have to prove that he's willfully absent. What the State wants here is to be relieved of the burden of proving that he's willfully absent, but they also want to be relieved of following the statutory requirements that allow them to be relieved of that burden. And finally, I think there's probably a third purpose implicit in this statute, and that's really to ensure that we wouldn't really have to be here listening to me talk about this. If they had just struck the trial date, had the clerk sent this out, the statute would have been complied with, they could have tried Mr. Catron, there'd be no issue. So compliance with the statute is really designed to relieve this court of the burden of having to deal with issues dealing with in absentia defendants. Comply with the statute that proves willful absence, the trial's fine. As for issue three, I just wanted to briefly point out that the main position is, that's the one where Dr. Buto testified that she diagnosed S.A. as being sexually abused, and her findings were based, as she said, on his oral history, as there were no physical findings from the medical examination, as is so often the case. So the main point is that she's just vouching for his credibility when she has no medical findings to back up her opinion that he's been abused. But there's an alternate basis for relief that I just want to touch upon. When there are no medical findings, she's not relying on any information that the jury can't understand, and that's one of the primary reasons for having an expert witness. It's the primary reason, to help the jury understand something that they wouldn't understand otherwise. So even if she doesn't rely entirely on S.A.'s statements, she's relying on where he was found, that Mr. Catron was there, the police officer's opinion of the state of arousal, all of that is something that the jury could understand without her help. Therefore, she's not entitled to base a diagnosis, a medical expert diagnosis, on something that the jury can understand. And I just wanted to clarify that there are alternate grounds for relief on that issue. Unless the court has any other questions, I'm sorry, I just ask that you grant Mr. Catron a new trial. I don't believe there are any. Thank you. Ms. Brooks, do you object to the motion for leave to cite additional authority? Thank you. May I please the court and counsel? My name is Anastasia Brooks, and I represent the people in this case. I know the defendant did not discuss it here at argument, but because jurisdiction is an important issue, I did want to briefly address that. The defendant's reply brief does refer to a late notice of appeal. I've ascertained that that was timely filed.  The reason why that was filed is because of the Pantelo problem with respect to whether the first notice of appeal had adequately requested a review of the conviction and sentence, which is necessary for an absentia verdict where it would have been otherwise appealable if 30 days had run back in 1994. So this court would have jurisdiction to reach the defendant's arguments. With respect to notice, the defendant focuses on the fact that a recipient needs to know that the mail had, in fact, been sent by the circuit clerk. Because, for example, the envelope refers to the fact that it has a return address at the state's attorney's office. If the defendant cites no authority showing that the defendant is entitled to disregard mail from the state's attorney, really what the defendant is doing is taking the statute, which is section 115-4.1, which says the clerk shall send to the defendant. But the statute does not specify that the envelope has to say that it's from the clerk's office, for example. So what the defendant is doing is trying to read additional requirements and exceptions in the statute. Now, the statute does require strict compliance. However, like in the Sarkissian case, another statute that requires strict compliance. But yet strict compliance was available despite delegation. And so that's the state's argument, is the statute does not say it cannot be delegated, that this duty of this clerk to send to the defendant the notice cannot be delegated. Now, the defendant relies on the Schorch case, which is distinguishable, because that case dealt with services summons. And there's a Supreme Court rule referred to in that opinion, Supreme Court Rule 101. And the reason why summons was void in that case was because Supreme Court Rule 101 requires summons to be issued under the seal of the court, tested in the name of the clerk, and signed with his name. So if there was a rule or statute that says specifically that the notice has to be, for example, signed by the clerk of the circuit court, or issued under seal of the circuit court, then that would be a different case. Because that would be Schorch's situation, which involves summons, which is a situation that appears to be non-delegable. The notice issue, there's no rule or statute that the defendant relies on to show that that may not, in fact, be delegated to an agent. Well, the legislature could have put that in the statute. The statute just says a circuit clerk is supposed to send it. Correct, Your Honor. Well, the legislature could have said a circuit clerk or any person or entity that the circuit clerk delegates can send it. But there's also a statute in the, if I can find it, H13 of my brief, the Clerks of Courts Act. The clerk shall, in all cases, attend a person to the duties of their office when it is practicable to do so, and shall perform all the duties thereof which can be reasonably performed by one person. That's 705 ILCS 105-8. So, essentially, there is a statute that deals with the duties of the circuit clerk. And it only requires the clerks to do what they can practically do by themselves. So, essentially, when the statute says the clerk, does that mean the defendant would, I guess, think that it means the actual clerk of the circuit court who has to type it up and put it in an envelope and walk it over to the mailbox. Well, that's not realistic to expect. So, essentially, if an employee of the circuit clerk's office can do it, or an intern, why not an agent like the attorney who would be representing the circuit clerk, which is the elected state's attorney's office. So, I mean, it's a situation where if the duty can be delegated, which the state's position is here, it can be delegated because it's a ministerial duty. Sending notice, like in the school board cases, is a ministerial duty. The defendant hasn't shown that that somehow is discretionary. So, the standard rule is if the duty is ministerial, it can be delegated, unless there's some rule or statute that says otherwise. So, for that reason, the office of the defendant claims that there's no evidence of that delegation. However, the judge accepted the remark of the prosecutor that this was the practice. So, the commentary in the cases is, if it is delegated by either custom, for example, which appears here, there is the custom, that those notices which are required by statute are in fact sent out by the state's attorney's office. That is a custom that establishes that delegation in fact occurred in this instance. So, that's the state's argument with respect to that. And again, I just want to emphasize, if it's a mandatory duty, strict compliance is required, but if it can be delegated, then performance by the agent is strict compliance with the statute as it's stated, and the state is not requesting this court to read any exceptions to that statute. So, it's not like the case cited in the defendant's brief, where there was in fact a request to add an exception, unstated exception, to the statute. Delegation of duty is not an unstated exception to the statute. It's something that is possible for the clerical court to do. With respect to Dr. Butto's opinion, here only part of the doctor's process was considering the victim's history, and then part of it was also evaluating his credibility. But that does not mean that the doctor's opinion that the victim had sexually abused thereby becomes a direct commentary on the victim's credibility. So, that's the problem, for example, in the Charlie case, in which the defendant cites a supplemental authority. There's actually two problems. One is, if it was simply a commentary on credibility, that's bad. And the other thing is, well, if not, then it becomes a Dawbert reliability problem. Well, this problem of relying on a federal case in an Illinois court is, this court doesn't have a Dawbert rule for admitting evidence, so the reliability issue of Charlie is not transferable over to this context. And so, the state also disputes the defendant's claim that somehow the doctor was vouching for credibility just simply because there was no actual medical finding of abused evidence, evidence by detection of the medical issue with the victim, that that somehow turns the absence of that medical finding somehow turns the doctor's opinion into straight vouching for credibility. Just briefly with respect to here's the exception, there is... Is it true that the new case cited by counsel, U.S. v. Charlie, is that what it addresses? Part of the problem there was that the court felt, on review, that if it was not vouching for credibility, then it somehow became an unreliable opinion and not admissible under the gatekeeper function of Dawbert, which is what the federal courts use to admit expert testimony. So that somehow meant that the judge failed in its duty to gatekeep an unreliable expert opinion and keep it away from the jury. That's the basis of that decision, so that's why it's distinguishable. And just briefly with respect to here's the exception, the diagnosis and medical treatment requires it to be relevant, the identity of the perpetrator be relevant to diagnosis or treatment, that that person be a biological family member or member of the household, and the fact that the victim visited him and took trips with him and the defendant was in charge of his school, that certainly makes his identity relevant, and therefore the here's the exception would apply. And with respect to the suppression issue, very briefly, because it is forfeited, the defendant has to show plain error like these other issues as well, dealing with Dr. Butow's case. The rule is that police executing a warrant can look anywhere where the object of the search could reasonably be expected to be found, and the manila envelope is in the record and this court can decide. That is not clear or obvious, that it is impossible for that object to have concealed a videotape which was the object of the search. So this court has no question. Do we even know the size of the tape? Well, it asks for videotapes. So there was no identification in the warrant as to what the actual dimensions of a videotape would be. I think the defendant might have referred to a videotape set as being bulky, but that's because it's under plain error review, the defendant would have to somehow show that it is implausible because of the size of the videotape, which isn't really known, to not be containable within the container of the search, which is here in the manila envelope. So for these reasons, the state request is court-confirmed. Thank you, Your Honors. Thank you, Ms. Brooks. Mr. Andrews, with that one. Briefly on the subject of delegation of authority, you know, obviously what was delegated here is who could send notice, not who could receive notice, which is what's delegated in all the other cases at the state sites. You know, so what the state is seeking here is not delegating its own right to somebody else, its right to be served by process, it's seeking to delegate Mr. Catron's right to receive process pursuant to the statute, to receive notice pursuant to the statute. So basically they want an entity to be able to delegate Mr. Catron's right. And they don't have a case that says that you can do that. They don't even have a case that says none of their cases involves one governmental entity delegating some authority to another governmental agency. So all those cases, I think, on delegation are simply an opposite. As for the cassette tape, I mean, you know, it's not in the record because they never found it, but I'm old enough to remember what a cassette tape looks like and that manila folder is flat like that. If it was in there, it would be open like that. And that's all I'll say. Thank you very much. Thank you, counsel. We'll take this matter under advisement and stand in recess until the readiness of the next matter.